IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEANETTE ETRO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14-cv-9256 |
| v. ) | |
| ) | Judge: Virginia M. Kendall |
| MIDLAND FUNDING, LLC, ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO COMPLAINT

Defendant, MIDLAND FUNDING, LLC, by and through its undersigned attorneys, in answer to Plaintiff's Complaint, states as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").

**ANSWER:** Defendant admits that Plaintiff purports to bring this action for damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") but denies that she has any such claims herein.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA) and 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action for damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") but denies that Plaintiff any such claims herein. Defendant admits that this

Court generally has jurisdiction over claims arising under § 1692k(d) of the FDCPA, and 28 U.S.C. §§ 1331 and 1337.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**ANSWER:** Defendant does not contest venue. Defendant denies that it transacts business in this District. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## PARTIES

4. Jeanette is a natural person who resides in the Northern District of Illinois and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

**ANSWER:** Upon information and belief, Defendant admits that Plaintiff is a natural person. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's residency and whether Plaintiff is a "consumer" as defined under the FDCPA because Defendant does not know the purpose for which the underlying financial obligation was incurred. Defendant denies any remaining allegations in this paragraph.

5. At all times relevant to the action, Midland was a California corporation with its principal office located at 3111 Camino Del Rio North, #1300, San Diego, California 92108 and its registered agent in Illinois is Illinois Corporation Service C located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

**ANSWER:** Defendant admits that its principal office is located at 3111 Camino Del Rio North, Suite 103, San Diego, California 92108. Defendant denies that its principal office is located at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

**Defendant admits that its registered agent in Illinois is Illinois Corporation Service Co., 801 Adlai Stephenson Drive, Springfield, Illinois 62703. Defendant denies that its registered agent in Illinois is Illinois Corporation Service C, 801 Adlai Stephenson Drive, Springfield, Illinois 62703. Defendant admits the remaining allegations in this paragraph.**

6. Midland is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**ANSWER: Defendant denies that it acts as a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6). Defendant denies that it uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts. Defendant denies any remaining allegations in this paragraph.**

### FACTS SUPPORTING CAUSE OF ACTION

7. Midland has been attempting to collect, from Jeanette, an alleged consumer debt in the amount of $988.26.

**ANSWER: Defendant denies that it attempted to collect from Plaintiff an outstanding financial obligation with a principal balance of $988.26. Upon information and belief, Defendant admits that Plaintiff incurred an outstanding financial obligation with a principal balance of $988.26. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff's outstanding financial obligation is a "consumer debt" because Defendant does not know the purpose for which the underlying financial obligation was incurred. Defendant denies any remaining allegations in this paragraph.**

8. On April 28, 2014, Midland filed a complaint in the Circuit Court of Cook County, Illinois against Jeanette. The case was captioned *Midland Funding LLC v. Jeanette Etro* case number

2014 M1 124651 ("Collection Case"). *See* Exhibit A, a true and correct copy of the Collection Case court docket.

**ANSWER:** **Upon information and belief, Defendant admits that a complaint was filed in the Circuit Court of Cook County, Illinois against Jeanette and that the case was captioned** *Midland Funding LLC v. Jeanette Etro* **case number 2014 M1 124651. Defendant denies the remaining allegations in this paragraph.**

9. Midland filed the Collection Case at the Richard J. Daley Center Courthouse. *Id.*

**ANSWER:** **Upon information and belief, Defendant admits that the Collection Case was filed at the Richard J. Daley Center Courthouse. Defendant denies the remaining allegations in this paragraph.**

10. The Richard J. Daley Center Courthouse serves Cook County's First Municipal District. *See* Exhibit B, a true and correct copy of a map of the Circuit Court of Cook County Municipal Districts and Courthouses.

**ANSWER:** **Upon information and belief, Defendant admits the allegations in this paragraph.**

11. Civil matters that do not meet the damages threshold to be filed in the Law Division of the Circuit Court of Cook County are assigned to the Circuit Court's Civil/Municipal Division.

**ANSWER:** **Upon information and belief, Defendant admits the allegations in this paragraph.**

12. Cases filed in the First Municipal District are identified by the abbreviation "M1."

**ANSWER:** **Upon information and belief, Defendant admits the allegations in this paragraph.**

13. Jeanette resides at 18601 Golfview Avenue, Homewood, Illinois 60430.

4

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.**

14. Homewood, Illinois is located within Cook County, but is located within the Circuit Court of Cook County's Sixth Municipal District. *Id.*

**ANSWER:** **Upon information and belief, Defendant admits the allegations in this paragraph.**

15. The Markham Courthouse is the courthouse that serves the Circuit Court of Cook County's Sixth Municipal District. *Id.*

**ANSWER:** **Upon information and belief, Defendant admits the allegations in this paragraph.**

16. The Richard J. Daley Center Courthouse is 26 miles from Jeanette's home.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.**

17. In contrast, the Markham Courthouse is 4 miles from Jeanette's home.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.**

18. In order for Jeanette to travel to the Markham Courthouse from her home, she would merely have to drive on 183rd Street and Kedzie Avenue and park in the free parking lot at the Markham Courthouse.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.**

19. According to Google Maps, the trip would take about 9 minutes.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.**

130953756v1 0966540

20. In order for Jeanette to travel to the Richard J. Daley Center Courthouse, she must take Interstate 57 North to Chicago, locate expensive parking for her vehicle, and make her way there either on foot or via taxi.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.**

21. According to Google Maps, this trip will take 36 minutes excluding the time spent in traffic, locating parking, and then actually making the trek to the Richard J. Daley Center Courthouse upon arrival to downtown Chicago.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.**

22. The courthouse closest to Jeanette's home is the Markham Courthouse.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.**

### COUNT I -- VIOLATION OF THE FDCPA AGAINST MIDLAND

23. Jeanette repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

**ANSWER:** **Defendant restates and re-alleges each of its responses to the preceding paragraphs as if fully restated and re-alleged herein.**

24. The Collection Case was an attempt to collect a "consumer debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.**

130953756v1 0966540

25. 15 U.S.C. §1692i(a)(2) requires that a debt collector sue a consumer in the judicial district or similar legal entity where the consumer resides at the commencement of the action.

**ANSWER:** **Defendant admits that the allegations in this paragraph purport to quote the FDCPA. Defendant denies that Plaintiff has any such claim herein. Defendant denies any remaining allegations in this paragraph.**

25. The closest courthouse to Jeanette's home is the Markham Courthouse.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.**

26. Midland violated 15 U.S.C. §1692i(a)(2) when it filed the Collection Case at the Richard J. Daley Center Courthouse, a location some 22 miles further from Jeanette's home than the Markham Courthouse.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

27. Midland sued Jeanette at a remote courthouse in order to discourage her from appearing and defending the Collection Case.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

28. Midland's unlawful collection activities constitute abusive forum-shopping in violation of the FDCPA.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

## AFFIRMATIVE DEFENSES

Defendant, Midland Funding, LLC, by and through its undersigned counsel, and for its Affirmative Defense to Plaintiff's Complaint, states as follows:

a. Defendant affirmatively states that any alleged violation of the FDCPA was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Defendant maintains procedures and

7

protocols to comply with and conform to the requirements of the FDCPA and the authority interpreting the FDCPA. These procedures and protocols are reasonably adapted to avoid a violation of the FDCPA, such as the one alleged in this case. Here, Defendant relied, in good faith, upon the law firm it hired to file suit on its behalf within the proper venue mandated by existing law and encouraged by the Circuit Court of Cook County. Therefore, any alleged violation of 15 U.S.C. §1692i occurred as a result of a bona fide error.

WHEREFORE, Defendant, Midland Funding, LLC, respectfully requests that the Court grant it judgment on the claims in the complaint and grant such other and further relief in its favor as the Court deems just and proper.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/ Katherine H. Tresley
Katherine H. Tresley

David M. Schultz
Katherine H. Tresley
Hinshaw & Culbertson LLP
222 North LaSalle Street
Suite 300
Chicago, IL 60601-1081
Telephone: 312-704-3000
Facsimile: 312-704-3001
dschultz@hinshawlaw.com
ktresley@hinshawlaw.com

130953756v1 0966540

## **CERTIFICATE OF SERVICE**

   I, Katherine H. Tresley, an attorney, certify that I shall cause to be served a copy of **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** upon the following individual(s), by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this on January 12, 2014.

| | | |
|---|---|---|
| _X_ | CM/ECF | *Attorneys for Plaintiff(s)* |
| ___ | Facsimile | Mohammed O. Badwan, Esq. |
| ___ | Federal Express | SULAIMAN LAW GROUP, LTD. |
| ___ | E-Mail | 900 Jorie Blvd., Suite 150 |
| ___ | Messenger | Oak Brook, IL 60523 |
| | | Phone: (630) 575-8181 |
| | | Fax: (630) 575-8188 |
| | | mbadwan@sulaimanlaw.com |

Katherine H. Tresley  
David M. Schultz  
HINSHAW & CULBERTSON LLP  
222 North LaSalle Street, Suite 300  
Chicago, IL 60601-1081  
Telephone: 312-704-3000  
Facsimile: 312-704-3001  
ktresley@hinshawlaw.com  
dschultz@hinshawlaw.com  

*/s Katherine H. Tresley*  
Katherine H. Tresley  
One of the Attorneys for Defendant